

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVION

APR 1 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR 1 1 2008

In re the CUSTODY of : Ge'Ton Stith, Minor Child )

TONI STITH
Ge'Ton Stith Minor Plaintiffs,
and

GERALD STITH,
Vikki Lynn Johnson, alleged wife,
(a.k.a. Vikki L. Stith)
Law Office of Jeffery M. Leving, Ltd.,
Law Offices of Wessel & Doheny,
Board of Education of the City of Chicago,
Chicago Public Schools,
Walter Payton College Prep H.S.,
Mansfield, Texas Independent School District,
Timberview High School, Arlington, Texas
All Individually and in his/her Official Capacity
All Jointly and Severely, and unknown
John Doe / Jane Doe    Defendants.

**08CV2089
JUDGE MORAN
MAG. JUDGE VALDEZ**

) Judge

) Magistrate Judge _

**JURY TRIAL DEMANDED**

### EMERGENCY COMPLAINT FOR INJUCTIVE RELIEF

### COMPLAINT

NOW COMES, Pro Se Plaintiff, Toni Stith, Mother, Sole Custodial Parent, Sole Legal Guardian of Ge'Ton Stith, Un-Emancipated Immature Minor Child and complaining against the defendants and respectfully represents to this Court, she state as follows:

### NATURE OF CLAIMS

1. This action is brought pursuant to the United States Constitution, particularly the

First, Fourth, Fifth, Ninth and Fourteenth Amendments, under laws of the United States particularly the Civil Rights Act, Title 42 U.S.C. BB §1983, §1985, §1988 and 28 U.S.C. § 2201, Deprivation of Rights Under Color of Law, Title 18, U.S.C., Section 242, Conspiracy Against Rights, Title 18 U.S.C. Section 241, The Racketeer Influenced and Corrupt Organization (RICO) Act, 18 U.S.C. Section 1961-68 (1998), "Jurisdiction" is based upon 28 U.S.C. § 1331, § 1343 and § 1367, the State of Illinois Constitution, particularly the "Jurisdiction" of Article VI § 9 and under laws of the State of Illinois particularly the Code of Civil Procedure, 735 ILCS 5/1-101, et seq. to redress deprivation of civil rights of Plaintiff through acts and/or omissions of Defendants committed under color of law.

2. **"Venue"** pursuant to 28 U.S.C. § 1391 and Illinois provisions of §§ 2-101 of the Code of Civil Procedure, lies in the United States and the Circuit Court of Cook County, where all events, unduly delays of trial of this action, omissions and inequities to Plaintiff giving rise to this claim occurred.

**PARTIES**

3. At all times herein mentioned, Pro Se Plaintiff Toni Stith, Mother, Sole Custodial Parent and Sole Legal Guardian and Ge'Ton Stith, Un-Emancipated Immature Minor Child, a Eleventh Grade (Junior) Student at Walter Payton College Preparatory High School 1034 North Wells Street, Chicago, IL 60610, a public school, were and are citizens of the United States residing in the City of Chicago, Cook County, State of Illinois and the United States of America and therefore, within the jurisdiction of this court.

4. At all times herein mentioned, Defendants Gerald E. Stith, Father and Non-Custodial Parent et al. and Vikki Lynn Johnson, (a.k.a. Vikki L. Stith) et al., were and are citizens of the

United States residing in the City of Mansfield, Tarrant County, State of Texas and the United States of America at the last known address 4229 Palmer Drive, Mansfield, Texas 76063, 817/539-1375 and therefore, within the jurisdiction of this court.

5. At all times herein mentioned, Defendants Non-Custodial Parent's Attorney(s) Attorney Jeffrey M. Leving, et al. and Law Office of Jeffery M. Leving, Ltd., et al. 19 South LaSalle Street Suite 450 Chicago, IL 60603, 312/807-3990, operating a Law Firm in the City of Chicago, Cook County, State of Illinois and the United States of America and therefore, within the jurisdiction of this court.

6. At all times herein mentioned, Defendants Child Representative David J. Wessel, M.S.W., J.D., et al. and Law Offices of Wessel & Doheny, et al., 205 West Randolph Drive, Suite 1630, Chicago, Illinois 60606 312/558-3000, operating a Law Firm in the City of Chicago, Cook County, State of Illinois and the United States of America and therefore, within the jurisdiction of this court.

7. At all times herein mentioned, Defendants Board of Education of the City of Chicago (hereinafter Board), Rufus Williams, BOE-COC President, et al. Arne Duncan, CEO-CPS, et al. Walter Payton College Prep High School Local School Council, et al., Ellen Estrada, Interim Principal, Principal of Walter Payton College Preparatory High School, et al., Chicago Public Schools, et al. 125 South Clark Street Suite 500 Chicago, IL 60603 773/553-1700 a body politic and corporate, in charge of overseeing the management and operations of the Public School District 299 in the City of Chicago, Cook County, State of Illinois and the United States of America and therefore, within the jurisdiction of this court.

8. At all times herein mentioned, Defendants Vernon Newsom, District

Superintendent, et al. At all times herein mentioned, Defendants Bob Morrison, Deputy District Superintendent, et al. Unknown School Board Members, et al., Carolyn Spann, Principal, et al., Mansfield Timberview High School, et al., Mansfield Independent School District (hereinafter ISD), et al. 605 East Broad Street, Mansfield, Texas 76063-1794, 817/299-6300 a body politic and corporate, in charge of overseeing the management and operations of the Public School District 220-908 in the City of Mansfield, Tarrant County, State of Texas and the United States of America and therefore, within the jurisdiction of this court.

## FACTS

9. Defendants known and unknown are all persons under 42 U.S.C. § 1983 and are all subject to "liability."

10. Defendants known and unknown were acting under color of state law and are being sued individually, in his/her official capacities, jointly and severely.

11. Plaintiff invokes her Constitutional Rights and makes her Jury Trial Demand.

12. January 27, 2007 and February 23, 2007 and thereafter, Defendants willfully, wantonly and maliciously Conspired, Kidnapped, Abducted, Transported and Harbored Plaintiff's Minor Child in direct violation of her Rights outlined in Sole Child Custody/Sole Guardianship Order and committed the criminal offense of felony/federal Non-Custodial Parental Abduction.

13. Defendants have breached Federal, State and Local Confidentiality, Privacy and HIPPA Rights and Acts in regards to Plaintiff's and her Minor Child's records, as well as the Plaintiff has been unlawfully barred from access to her Minor Child's school records, and etc.

14. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving, Board and ISD are still concealing, detaining, harboring and withholding Plaintiff's Minor

Child from her care, control, custody and physical possession with no cause or legal authority.

"A conspirator is responsible for the acts of other conspirators who have left the conspiracy before he joined it, or joined after he left it; statutes of limitations tolled for previous acts when each new act is done." US v. GUEST, 86 S. Ct. 1170; US V.COMPAGNA,US V.COMPAGNA, 146 F.2d 524

## FACTORS

15.　Plaintiff possesses a clearly ascertainable right in need of protection, Hartlein v. Illinois Power Co., 151 Ill.2d 142, 601 N.E.2d 720, 176 Ill.Dec. 22 (1992), e.g. Plaintiff has the constitutional guaranteed rights to the care, custody, nurture, upbringing, educating and spiritual guidance of her child; Plaintiff also has the right as a single parent to enjoy the fruits of her labor and to participate in all the senior year school activities, prom, graduation, college planning and send off and achievement of majority; all rights need protection from unethical professionals.

Sole Custody 720 ILCS 5/10-5 - The Custodial parent alone determines the child's educational, health-care, and religious training.

Parham v. J.R. 442 US 584, 602-606 (1979), this case involves parent's rights to make medical decisions regarding their children's mental health. "Our jurisprudence historically has reflected Western civilization concepts of the family as a unit with broad parental authority over minor children. Our cases have consistently followed that course; our constitutional system long ago rejected any notion that a child is "mere creature of the State", and on the contrary, asserted that parents generally "have the right, coupled with the high duty, to recognize and prepare [their children] for additional obligations." Pierce v. Society of Sisters, 268 U.S. 510, 535 (1925).

16.　Plaintiff is suffering the lost of the Mother-Daughter Relationship, Maternal-Child Bond with her daughter, the Right to parental authority and decisions, my child's best interest, freedom of choice, custody, association Child's love, affection, enjoyment, live, together, purse happiness, cultural and religious beliefs, freedom from interference intrusions, invasion of privacy constitutional rights and due process.

"A natural parent who has demonstrated sufficient commitment to his or her children is thereafter entitled to raise the children free from undue state interference. As Justice White explained in his opinion of the Court in Stanley v Illinois, 405 US 645 (1972)."

The law's concept of the family rests on a presumption that parents possess what a child lacks in maturity, experience, and capacity for judgment required for making life's difficult decisions. More important historically it has been recognized that natural bonds of affection lead parents

to act in the "best interest" of their children. 1 W. Blackstone, Commentaries 447; 2 J. Kent, Commentaries on American Law 190."

17. Plaintiff has a nature protective interest in the safety, well being, best interest and Parental decision making responsibility vested in her through the court's legal process regarding her Minor Child's life, which Plaintiff has been dutifully and diligent in fulfilling throughout her Minor Child's life and the Defendants are being allowed to continuing violating these rights.

Vernonia School District 47 J v. Acton, 132 L.E.2d 564,115 S. Ct. 2386 (1995). In Vernonia the Court strengthened parental rights by approaching the issue from a different point of view. They reasoned that children do not have many of the rights accorded citizens, and in lack thereof, parents and guardians possess and exercise those rights and authorities in the "child's best interest".

[1] "Parental authority is plenary, and it prevails over claims of state, other outsiders, and children themselves, and thus there must be some compelling justification for state interference with parental authority." Doe v. Irwin 441 F. Supp. 1247 (1977).

"We have recognized that parents have an important "guiding role" to play in the upbringing of their children, Bellotti II, 443 US 633-639...which presumptively includes counseling them on important decisions."

18. There is a likelihood that the Plaintiff will succeed on the merits, Tie Systems, Inc. v. Telcom Midwest, Inc., 203 Ill.App.3d 142, 560 N.E.2d 1080, 148 Ill.Dec. 483 (1st Dec. 1990); Buzz Barton & Association, Inc. v. Giannone, 180 Ill.2d 373, 483 N.E.2d 1271, 91 Ill.Dec. 636 (1985), e.g. Why does the Defendants Non-Custodial Father have the Minor Child in his unlawful possession even through Plaintiff has the only Sole Child Custody and Guardianship Order in her possession?

"Traditionally at common law, and still today, un-emancipated minors lack some of the most fundamental rights of self-determination – including even the right of liberty in its narrow sense, i.e. the right to come and go at will. They are subject, even as to their physical freedom, to the control of their parents or guardian. See am Jur 2d, Parent and Child § 10 (1987)."

19. Plaintiff has not lost legal custody of her Minor Child to any Defendants, Why does the Non-Custodial Defendant Father have the Minor Child out of the custody of Plaintiff and

removed her out of the jurisdiction of the court with no legal authority?

Are Kidnapping, Child Abduction, Non-Custodial Parental Abduction and Harboring a Minor criminal offenses or legal actions?

Child Abduction - 720 ILCS 5/10-5 - Child Abduction occurs when one:

Intentionally violates a court order granting visitation or custody to another by concealing, detaining, or removing a child.

Keeps the child away from the mother even where paternity has been established and no custody orders have been entered.

Conceals the child from a spouse or ex-spouse for 15 days without notifying the spouse of the location of the child and providing for reasonable visitation or contact.

20. The Plaintiff will suffer irreparable harm if an injunction does not issue, Lucas v. Peters, 318 Ill.App.3d 1, 741 N.E.2d 313, 251 Ill.Dec. 719 (1st Dist. 2000), e.g. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving, Board, ISD caused and are causing Plaintiff to suffer and she still is suffering and is experiencing continual irreparable harm due to no contact with and the Kidnapping of her Minor Child, e.g. nightmares, loneliness, fear, anxiety, insomnia, lost of appetite, sadness, despair, stomach aches, headaches, chest pain, other physical pains, stress, emotional upset, crying episodes, weight loss (35 lbs.), aggravation of emotionally upset, empty feelings and server duress.

Lehr v. Robertson, 463 US 248, 257-258 (1983) the U.S. Supreme Court upheld a decision against a natural father's rights under the Due Process and Equal Protection Clause since he did not have any significant custodial, personal, or financial relationship with the child.

21. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving, Board, ISD intentionally inflicted emotional distress on Plaintiff and caused her to suffer and she continues to suffer irreparable harm to wit: Plaintiff was deprived of sharing her Minor Child's 17th birthday, a moment and life milestone that can never be re-created, enjoyed and has

left Plaintiff with emotional wounds, hurt feelings, pain, no pictures or fond memories to cherish. Defendant Father knows that Plaintiff and their Minor Child have never been separated on their birthdays and Defendant Father was well aware of the fact that 2007 (an odd year), the Minor Child's spring break week was to be spent with Plaintiff per the visitation order.

22. Plaintiff has suffered, is suffering and continues to suffer irreparable harm to her financial well being, due to the Defendant Non-Custodial Father stopped paying his monthly child support obligations January 11, 2007, after he executed his Kidnapping Scheme to Abducted their Minor Child from the Plaintiff care, custody and control, in violation of her Sole Child Custody Order.

23. Plaintiff has no adequate remedy at law, Eagle Books, Inc. v. Jones, 130 Ill.App.3d 407, 474 N.E.2d 444, 85 Ill.Dec. 716 (4th Dist.), cert.denied, 106 S.Ct. 249 (1985),

e.g. Plaintiff has not been able to get a Domestic Relation Judge to grant the hearing on Plaintiff's emergency motion for writ of habeas corpus for the immediate return of her Minor Child, that has been unlawfully continued without a showing of cause since February 14, 2007, depriving Plaintiff the right to due process, equal protection of law, access to the court and remedies.

24. Plaintiff has not had a hearing on any issue in this cause including the unlawful kidnapping, abduction, transportation across the State of Illinois boundary lines and the continued harboring of her Minor Child, depriving Plaintiff of her Civil Rights to the custody of her Minor Child.

25. Plaintiff has had to suffer through five unlawful continuances orchestrated by the Defendant Child Representative David Wessel, Father, Father's attorney Mr. Leving and other Defendants in violation of Plaintiff's due process rights and their official duties to resolve the

kidnapping, parental child abduction and arrears child support issues expeditiously for the care and best interest of her Minor Child.

26. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving, Board, ISD and other Defendants acted as individuals outside their official capacities and authorized duties, when they made the following admissions at court on April 18, 2007, without the Plaintiff's knowledge or consent, Defendants make the decisions and "had given" Plaintiff's Minor Child unlawful permission on or about February 23, 2007, after the expiration of the unlawful Ex Parte TRO entered on Friday, February 16, 2007, to "leave" the City of Chicago and Defendants had no cause or legal authority to do so, Defendants gave Plaintiff's Minor Child unlawful legal advice to wit: to go to the Non-Custodial Father's house, in direct violation of Plaintiff's Sole Child Custody and Sole Legal Guardianship Order.

27. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving, Board, ISD and other Defendants new that Plaintiff had a meritorious case against their conspirators actions, acts and commissions to continue to deprive Plaintiff out of her Rights to custody of her Minor Child, Rights to her Court Ordered Child Support and Parent Involvement Rights with Friends of Payton Parent Organization, Walter Payton Local School Council and pending Challenge to the 2006 LSC election fraud, Parent Volunteer Activities and Parent Advocacy on behalf of disadvantaged students attending her Minor Child's school.

28. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving, Board, ISD and other Defendants intentionally conspired and acted as individuals outside their official capacities and duties during and after the expiration of the unlawful Ex Parte TRO written in chambers by deceased Associate Judge James G. Donegan to deprive Plaintiff of the

care, custody, control and possession of her Minor Child to wit: Defendants continued to plot, scheme, aided and abetted the Non-Custodial Defendant Father in criminal offenses of Kidnapping, Child Abduction, Non-Custodial Parental Abduction and Harboring a Minor, in violation of Plaintiff's Sole Custody Order of Minor Child.

29. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving, Board, ISD and other Defendants, on or about February 23, 2007, Defendants illegally transferred Plaintiff's Minor Child out of Walter Payton College Prep High School and other school related programs and activities, in the middle of the Minor Child's junior year in high school, disrupting the Minor Child's education and interfering with the Plaintiff's parental rights to educational choices for her child, without Plaintiff's knowledge or consent. Board Defendants were given oral and written directive by Plaintiff NOT to transfer Plaintiff's Minor Child out of Walter Payton College Prep High School and informed them the Father and Aunt were suspects.

30. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving, Board, ISD and other Defendants, then kidnapped and abducted Plaintiff's Minor Child from Chicago, IL a second time and ISD Defendants illegally enrolled Plaintiff's Minor Child in an unknown school of the Mansfield Independent School District, without the knowledge or consent of Plaintiff, who is the Sole Legal Custodian and Sole Legal Guardian of her Minor Child, on or about February 23, 2007.

31. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving and all other Defendants took unlawful and unethical control over Plaintiff's Minor Child to wit: and developed a course of actions under color of state law, working in concert with each other and conspired and created a series of extended court dates and court continuances to delay

any court action, due process rights and to *circumvent* Plaintiff's parental rights, authority, possession, custody and control of her Minor Child and unlawfully turned her Minor Child over to the Defendant Father, and the Plaintiff has not seen or had contact with her Minor Child thereafter.

32. Defendants Child Representative David Wessel, Father, Father's attorney Mr. Leving and other Defendants goal is to work in concert to fruition to make Plaintiff's Sole Custody and Legal Guardianship "moot" due to Plaintiff's Minor Child's pending 18th birthday April 12, 2008 and deprive Plaintiff out of her rights to custody of her minor Child and court ordered child support, created a financial hardship for the Plaintiff and violating her parental rights to the care, upbringing, education and spiritual guidance of her Minor Child.

33. Plaintiffs has self represented her court action, it has been assigned to six different Judges, NO hearings have been held on the matter and Defendants have NOT received any sanctions, disciplinary action or consequences from the Circuit Court of Cook County or Law Enforcement Agencies for their conspiring and depriving Plaintiff out of the care and custody of her Minor Child, without the benefit of her rights to due process and equal protection of the law.

34. Plaintiff still maintains Sole Legal Custody and Sole Guardianship of her Minor Child; there has NOT been a change of custody, yet Plaintiffs Minor Child is still being unlawfully harbored and detained by the Defendants, at the Non-Custodial Father's home in Mansfield, Texas without Plaintiff's knowledge, consent and over her objections in direct violation of her custody order.

35. Plaintiff did not know the whereabouts of her Minor Child, has not seen her, does not understand why the Court would intentionally violate its own orders and allow the Defendants to do the same. Plaintiff is the lawful possessor of those rights that the Plaintiff seeks to protect and

preserve. <u>Postmma v. Jack Brown Buick</u>, Inc. 157 Ill.2d 391, 626 N.E.2d 199, 193 Ill.Dec. 166 (1993).

## CONCLUSION

36. Because of the illegal acts of Defendants and the methods they employ to accomplish their unlawful purposes, and because of the *great number of persons* who have combined with Defendants in the illegal, oppressive, extreme, outrageous, and unlawful combination and confederation, Plaintiff has suffered and is now suffering and will continue to suffer irreparable damage, harm and injury, of which Plaintiff has no adequate remedy at law for the wrongful acts done by the Defendants violating all of Plaintiff's rights. <u>Board of Education of Niles Township High School District No. 219 v. Board of Education of Northfield Township High District No. 225</u>, 112 Ill.App.3d 212, 445 N.E.2d 464, 68 Ill.Dec. 16 (1st Dist. 1983).

37. This is not equable for the Plaintiff and the misconduct of Defendants is against the public policy and public interest of the Sate of Illinois and has caused a sever hardship and miscarriage of justice for the Plaintiff. <u>Larkin v. Howlett</u>, 19 Ill.App.3d 343, 311 N.Ee.2d 367 (4th Dist. 1974).

38. Unless restrained by injunction of this court, Defendants will continue to subject Plaintiff to the deprivation of her rights to have her Minor Child in her physical care and her companionship, slander, embarrassment, humiliation, physical stress, vomiting, mental stress, worry, mental anguish, nervousness, duress, intentional infliction of mental suffering, intentional infliction of emotional distress, other emotional distress and causing Plaintiff to in turn, suffer the loss of comfort, other benefits, expense and inconvenience of many actions, in efforts to enforce

Plaintiff's legal and parental rights and to gain enforcement of penalties against Defendants for their individual and official acts of misconduct and obstruction of justice. <u>Kanter & Eisenberg v. Madison Associates</u>, 116 Ill.2d 506, 508 N.E.2d 1053, 108 Ill.Dec. 476 (1987).

**WHEREFORE,** Plaintiff moves this Court to grant the following

Prayer for Injunctive Relief:

A. The entry of a Temporary Restraining Order enjoining Defendants

B. To

C. For such other and further relief as the Court deems just and equitable.

OR

Injunctive Relief

1. The Immediate Return of Child Ge'Ton Stith, Minor to the City of Chicago, IL.
2. Restore Physical Custody of Ge'Ton Stith, Minor back to the Petitioner-Mother.
3. Maintain the Status Quo Ante of Petitioner as Sole Custodial Parent of Ge'Ton Stith, Minor.
4. Maintain the Status Quo Ante of Petitioner as Sole Legal Guardian of Ge'Ton Stith, Minor.
5. The Immediate Return of Child Ge'Ton Stith, Minor to her home school and Status Quo Ante at Walter Payton College Prep High School, 1034 North Wells Street, Chicago, IL.

Temporary Restraining Order and Preliminary Injunction
1. Enjoin Respondents not to remove the minor from the City of Chicago, IL.
2. Enjoin Respondents not to violate Petitioner-Mother's Physical Custody of Ge'Ton Stith, Minor.
3. Enjoin Respondents not to violate Petitioner-Mother's Status Quo Ante as Sole Custodial Parent of Ge'Ton Stith, Minor.
4. Enjoin Respondents not to violate Petitioner-Mother's Status Quo Ante of Petitioner as Sole Legal Guardian of Ge'Ton Stith, Minor.
5. Enjoin Respondents not to remove minor Child Ge'Ton Stith from her home school and Status Quo Ante at Walter Payton College Prep High School, 1034 North Wells Street, Chicago, IL.

OTHER RELIEF
1. Render VOID ALL the Respondents petitions, motions, pleading for violation of Due Process Rights, Failure give any notice, service or copies of filings to Petitioner-mother, which rendered her unable to answer, reply or prepare a defense.

2. Enjoin Respondent Gerald Ernest Stith, Non Custodial Parent who is gainfully employed as a CDL Over the road Truck Driver, to resume his court ordered child support payments, he discontinued on January 11, 2007 and to remain current.

3. Enjoin Respondent Gerald Ernest Stith, Non Custodial Parent to immediately make a slum sum payment of ALL Arrears Court Ordered Child Support Payments.

4. Render VOID the Ad Hoc Hearings and Ad Hoc Court Orders written by Associate Judge Jordan Kaplan on February 14, 2007 for violation of Due Process Rights and Access to the Court.

5. Render VOID the Ad Hoc Hearings and Ad Hoc Court Orders written by Associate Judge Nancy J. Katz on February 14, 2007 for violation of Due Process Rights and Access to the Court.

6. Render VOID the Ex Parte Hearings and Ex Parte Court Orders written in chambers by deceased Associate Judge James G. Donegan on February 16, 2007 for violation of Due Process Rights and Access to the Court.

7. Render VOID the Ad Hoc Hearings and Ad Hoc Court Orders written by Associate Judge Nancy J. Katz on April 18, 2007 for violation of Due Process Rights and Access to the Court.

8. Render VOID the Ex Parte Hearings and Ex Parte Court Orders written in chambers by Associate Judge LeRoy K. Martin, Jr. on June 5, 2007 for violation of Due Process Rights and Access to the Court.

AND FURTHER, Petitioner Toni Stith, Petitioner-Mother prays that this Honorable Court require ALL Respondents to appear before this Court and to otherwise show cause why they should not be held in civil and criminal contempt of this court in accordance with Federal and Illinois law, to wit: Enforcement 750 ILCS 36/301 and Grant any relief this Court deems equable, fair and just.

Respectfully submitted: _____Toni A. Stith_____

### VERIFICATION BY CERTIFICATION

I, Toni Stith, under penalties as provided by law pursuant to section 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct to the best of my knowledge as therein stated and as to such matters the undersigned verifies as aforesaid that she verily believes the same to be true.

_____Toni A. Stith_____
Toni Stith, Pro Se Mother, Sole Custodial Parent, Sole Legal Guardian of Ge"Ton Stith
11829 South Bishop Street
Chicago, IL 60643
(773)-785-5820