IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: CUSTODY of Ge'Ton Stith, Minor Child ) <br> TONI STITH, Ge'Ton Stith, Minor, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GERALD STITH, et al., ) <br> ) <br> Defendants. ) | No. 08 C 2089 |

## MEMORANDUM OPINION AND ORDER

Toni Stith brings this action on her own behalf and that of her daughter against her ex-husband Gerald Stith, and a host of other defendants. Along with her complaint, she petitions to proceed *in forma pauperis* and to have counsel appointed to represent her. For the reasons set forth below, both petitions are denied and the complaint is dismissed.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed without paying the required fees if she demonstrates an inability to pay. In her financial affidavit, petitioner asserts that she is unemployed and relies on social security disability payments as her sole source of income. We are satisfied that in light of these disclosures petitioner has demonstrated the requisite need.

However, our inquiry does not end with a finding of indigence. As part of the review of a petition to proceed *in forma pauperis*, we must analyze the claims and dismiss the complaint if the action if frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In reviewing the

petition we apply the standard used in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Complaints in federal court need only satisfy a notice pleading standard, which requires that plaintiffs provide "fair notice" of their claims and that recovery be "plausible." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). *See also* Airborne Beepers & Video Co. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007). Because petitioner is proceeding *pro se*, we have a special responsibility to construe her complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

Petitioner alleges in the complaint that she has sole legal custody of her daughter and that her ex-husband has taken her daughter to Texas in violation of the custody agreement. She further alleges that the co-defendants acted under color of state law to assist her ex-husband in violating the custody agreement. On April 11, 2008, petitioner came before Judge Hibbler, sitting as the emergency judge, and sought emergency injunctive relief. Judge Hibbler denied the request because petitioner conceded that her daughter was not in any immediate danger and, moreover, he questioned whether a federal court had jurisdiction to intervene in this domestic matter.

Boiled down to its essentials, this is a custody dispute. Petitioner alleges that her ex-husband has illegally taken custody of their daughter and the remedy she seeks is her daughter's return. In several places, the complaint discusses past and pending court actions that lead us to believe this matter is currently pending in state court. *See* compl. ¶23 ("Plaintiff's emergency motion for writ of habeas corpus . . . has been unlawfully continued without a showing of cause since February 14, 2007"); ¶25 ("Plaintiff has had to suffer through five unlawful continuances"); ¶26 ("Defendants . . . made the following admission at

court on April 17, 2007"); ¶28 ("after the expiration of the unlawful Ex Parte TRO written in chambers by deceased Associate Judge James G. Donegan"); ¶31 ("Defendants . . . conspired and created a series of extended court dates and court continuances to delay any court action"). We share Judge Hibbler's concerns about whether this court should interject itself into a domestic relations dispute in state court. Moreover, the complaint alleges that plaintiff's daughter reached the age of eighteen on April 12, 2008. Compl. at ¶ 26. That date has passed and the individual in question is no longer a minor. See 755 ILCS 5/11-1. Because plaintiff seeks only injunctive relief, this action is moot.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 24, 2008.